Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-08-00823-CR

Rogers A. **ADAMS** a/k/a Roger Adams,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-1146
Honorable Philip A. Kazen, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
           Steven C. Hilbig, Justice
           Marialyn Barnard, Justice

Delivered and Filed:   January 14, 2009

DISMISSED

Appellant Rogers A. Adams a/k/a Roger Adams pleaded nolo contendere to the charge of

manslaughter pursuant to a plea bargain agreement. As part of his plea-bargain, appellant signed a

separate "Waiver of Appeal." The trial court imposed sentence and signed a certificate stating "this

is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the

right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal. The

clerk's record, which includes the plea bargain agreement and the trial court's Rule 25.2(a)(2) certification, has been filed. *See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

The court gave appellant notice that the appeal would be dismissed unless an amended trial court certification showing he has the right to appeal were made part of the appellate record within thirty days. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Appellant's appointed appellate counsel filed a written response, she has reviewed the record and can find no right of appeal. After reviewing the record and counsel's notice, we agree that appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). We therefore dismiss this appeal. TEX. R. APP. P. 25.2(d).

PER CURIAM

Do not publish